■ KENNETH RODRIGUEZ, Respondent, v LONG ISLAND COLLEGE HOSPITAL et al., Appellants. [702 NYS2d 363] —In an action to recover damages for medical malpractice, the defendants Long Island College Hospital and Gary Turner appeal, and the defendant Steven Berkman separately appeals, from a judgment of the Supreme Court, Kings County (Levine, J.), dated October 9, 1998, which, upon a jury verdict, and upon the granting of those branches of the respective motions of the defendants Long Island College Hospital and Gary Turner, and of Steven Berkman, which were, in effect, to reduce the verdict

to the extent of reducing the awards for past pain and suffering from $1,000,000 to $500,000, future pain and suffering from $2,500,000 to $1,000,000, and future lost earnings from $1,000,000 to $500,000, is in favor of the plaintiff and against them, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same judgment which, *inter alia*, structured his award of damages in accordance with CPLR article 50-A.

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, with one bill of costs to the appellants appearing separately and filing separate briefs, and a new trial is granted on the issue of damages only, unless within 30 days after the service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the verdict as to damages for past pain and suffering from $500,000 to $250,000, for future pain and suffering from $1,000,000 to $400,000, and for future lost earnings from $500,000 to $175,000, and to the entry of an amended judgment in accordance herewith; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The plaintiff was injured when the defendant Steven Berkman, an employee of the defendant Long Island College Hospital, dropped him during delivery. Upon a jury verdict in favor of the plaintiff, the trial court calculated the damages to be awarded to the plaintiff in accordance with CPLR article 50-A. However, CPLR article 50-A applies to medical malpractice actions commenced on or after July 1, 1985 (L 1985, ch 294, § 25), and this action was commenced in May 1985. Thus, CPLR article 50-A is inapplicable to this action and the trial court erred in structuring the judgment in accordance therewith.

The damage awards deviate materially from what would be material compensation to the extent indicated herein (*see,* CPLR 5501 [c]).

The parties' remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.